IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| ASHLEY OWENS and NINA OWENS, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO.: 5:12-CV-389-FL |
| v. | ) ) ) | |
| DIXIE MOTOR COMPANY, JANET PIERCE, ANTWAND CHERRY, WESTERN SURETY COMPANY and EQUIFAX INFORMATION SERVICES, LLC | ) ) ) ) ) ) | ORDER |
| Defendants. | ) | |

This matter is before the Court pursuant to the Consent Motion to File Under Seal (the ("Motion") filed by Defendant Western Surety Company ("Western") on July 30, 2013 (Document 75 ). The Court, having reviewed the Motion, and the Brief in Support of Consent Motion to File Under Seal filed by Western on that same date (Document 75 ), hereby finds:

## FINDINGS OF FACT

1. Western, with the consent of all parties to this action, seeks to file under seal the documents which were filed at Pages 24-74, 76, 78, 80, and 82 in Document 71-2;

2. Pursuant to the Stipulated Protective Order entered in this matter on December 13, 2012 (Document 46), the parties agreed not to file in the public record any material designated as "Protected Material" without first seeking to file that material under seal;

3. Pursuant to the Stipulated Protective Order, a document produced in discovery and affixed with the designation "CONFIDENTIAL" is deemed Protected Material;

1

4. Pursuant to the Stipulated Protective Order, the parties have the right to affix the designation "CONFIDENTIAL" to documents produced in discovery if they contain "Confidential Information";

5. Pursuant to the Stipulated Protective Order, "Confidential Information" is defined to include, among other things, Social Security or taxpayer- identification numbers, dates of birth, financial account numbers, home addresses and sensitive information involving personal financial matters;

6. Counsel for Western, in the course of filing a Motion for Summary Judgment (Document 70) and a Brief in Support of Motion for Summary Judgment (Document 71) inadvertently included materials Exhibit B to the brief which had been designated as "CONFIDENTIAL" by the producing party, Defendant Dixie Motor Company ("Dixie") (Document 71-2, pages 76, 78, and 82);

7. In addition, Exhibit B to Western's Brief in Support of Motion for Summary Judgment, which is comprised of portions of the transcript of the deposition of Plaintiff Nina Owens and exhibits to that deposition, included two exhibits from the Nina Owens deposition (Document 71-2, pages 24-74 and 80) which were not designated "CONFIDENTIAL" but which consisted of documents which were identical to documents that had been marked as "CONFIDENTIAL" when produced by Dixie and the Plaintiffs, respectively, in the course of discovery in this action;

8. Counsel for the Plaintiffs and Dixie have both requested that those documents, although not affixed with the designation "CONFIDENTIAL," be filed under seal in recognition of the fact that they were initially produced in discovery with the "CONFIDENTIAL" designation;

9. The parties concur in the belief that the information at pages 24-74, 76, 78, 80 and 82 to Document 71-2 contain "Confidential Information", as defined in the Stipulated Protective Order and thus concur that those documents should be filed under seal, if permitted by the Court;

10. The documents sought to be filed under seal contain personal identifying and financial information of Plaintiffs, which information falls within the definition of "Confidential Information" set forth in the Stipulated Protective Order;

11. Plaintiffs have a privacy interest in the personal identifying and financial information contained in the documents sought to be filed under seal;

12. The Supreme Court has commented that the common law understanding of privacy encompasses an individual's "control of information concerning his or her person". U.S. Dept. of Justice v. Reporters Committee For Freedom of the Press, 489 U.S. 749, 763, 109 S. Ct. 1468, 103 L. ed. 2d 774 (1989);

13. Congress exempted nine categories of documents from the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, disclosure requirements on governmental entities, including what is referred to as Exemption 6 which protects "personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy. § 552(b)(6);.

14. Plaintiffs' privacy interest in their personal identifying and financial information overcomes the common law presumption of public access to judicial records for inspection and copying;

15. Plaintiffs have not released the information contained in the records at issue to the public and the parties to this action have endeavored to maintain those records in confidence and,

3

as such, the public has not had access to the information contained in the records sought to be filed under seal;

16. The events this case are not historic and its resolution are not likely to have great, if any, historic or societal impact;

17. To the Court's knowledge, prior to the Motion, there were no requests for access by the public to the records at issue, including requests from the press, nor were there any published articles concerning the subject matter of this case;

18. After publishing notice of the Motion, the Court has not received any requests for public access to the records sought to be filed under seal nor any requests for access pursuant to alleged First Amendment rights;

19. The Court has considered alternatives to sealing the records at issue, including redaction thereof, but has determined that said alternatives are not feasible in this case because Western relies on evidence contained in the records that would be redacted as support for its Motion for Summary Judgment and therefore redaction of the personal and financial information therein would impair Western's right to pursue summary judgment;

20. All parties to this action not in default consent to Western's motion.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the documents which comprise pages 24-74, 76, 78, 80 and 82 of Document No. 71-2 be removed from the public record and that Western is hereby authorized to file such documents under seal in accordance with Section T of the Court's Electronic Case Filing Administrative Policies and Procedures Manual.

This the 17th day of August, 2013.

_____
The Honorable Louise W. Flanagan

5