UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| ASHLEY OWENS and NINA OWENS, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>DIXIE MOTOR COMPANY, JANET PIERCE, )<br>ANTWAND CHERRY, )<br>WESTERN SURETY CO., and EQUIFAX )<br>INFORMATION SERVICES, LLC, )<br>)<br>Defendants. )<br>) | ORDER<br>Case No. 5:12-cv-389 |

This matter presented by way of Motion to File under Seal by Defendant Dixie Motor Company; AND IT APPEARING TO THE COURT that the Court, having reviewed the Motion, Brief in Support of Motion to File under Seal by Defendant Dixie Motor Company filed on July 30, 2013 the Court orders as follows:

1. Counsel for Defendant Pierce and Counsel for Defendant Western Surety Co. consent to the entry of this motion as outlined in the Motion to Seal of Defendant Dixie Motor Company.

2. Plaintiffs initiated this lawsuit by filing a complaint on June 28, 2012, alleging violations of the Fair Credit Reporting Act ("FCRA"), North Carolinas Unfair and Deceptive Trade Practices Act ("UDTPA"), North Carolina's Identity Theft Protection Act ("NCITPA"), and North Carolina torts. (*see generally* DE 11, Compl.) The Complaint alleges that the personal and financial information of Plaintiffs was improperly obtained and disseminated to a third party. (*see* DE 46, Protective Order 1.)

3. On December 13, 2012, during the discovery period, all parties stipulated to a protective order to protect information marked as "confidential" from public disclosure. (DE 46, Protective Order 1.)

4. The parties define "confidential information" as any document containing the social security numbers, dates of birth, financial account numbers, medical information or personal financial information of a party. (DE 46, Protective Order 2.)

5. Karen Taintor's deposition was previously marked as confidential.

6. The Fourth Circuit utilizes factors to determine whether the records should be filed under seal, these factors including whether release would enhance the public's understanding of an important historical event, whether the public already had access to the information, whether the records are sought for improper purposes or promote a scandal. *Silicon Knights, Inc. v. Epic Games, Inc.*, 5:07-CV-275-D, 2008 WL 2019648 (E.D.N.C. May 8, 2008).

7. Confidential and proprietary business information has been found to overcome the presumption of disclosure and allow the documents to be sealed. The Court must consider alternatives to sealing documents from public record before a motion to seal is allowed. *In re Knight Publishing Company*, 743 F.2d 231, 235 (4th Cir. 1984).

8. If the information sought to be kept private is so pervasive throughout the documents, redaction is not a sufficient alternative. *See Silicon Knights, Inc. v. Epic Games, Inc.*, No.5:07-CV-275, 2011 WL 902256, *2 (E.D.N.C. Mar. 15, 2011).

9. After examining the memorandum and exhibits at issue, the court finds that all contain confidential information where the risk of harm outweighs any public right to access and the alternatives to sealing are inadequate.

10. After publishing notice of the Motion to Seal of Dixie, the Court has not received any requests for public access to the records sought to be filed under seal, nor any requests for access pursuant to alleged First Amendment rights.

11. The Court has considered alternatives to sealing the records outlined in Dixie's Motion to Seal, but determines that the alternatives would harm Dixie's ability to pursue fully its Motion for Summary Judgment.

IT IS HEREBY ORDERED that the Memorandum of Law in Support of Defendant Dixie's Motion for Summary Judgment and the Deposition of Karen Taintor be filed and maintained under seal in accordance with Section T of the Court's Electronic Case Filing Administrative Policies and Procedure Manual.

This the 17th day of Sept, 2013.

HON. LOUISE W. FLANAGAN
United States District Judge