IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
C.A. No. 5:12-cv-389-FL

| | |
|---|---|
| ASHLEY OWENS and NINA OWENS, )<br>                               Plaintiffs, )<br>                                      )<br>vs.                                        )<br>                                      )<br>DIXIE MOTOR COMPANY, JANET )<br>PIERCE, ANTWAND CHERRY, )<br>WESTERN SURETY CO., and )<br>EQUIFAX INFORMATION SERVICES, )<br>LLC, )<br>                               Defendants. )<br>_____ ) | **ORDER** |

THIS CAUSE being heard by the undersigned upon motion of Plaintiffs to seal documents docket-numbered Dkt. # 71-2, Pages 24-74, 76, 78, 80, and 82; # 74 and 74-1 through 74-8; # 78; #79 and 79-1 through 79-9; # 81-1 through 81-2, and # 82-5 through 82-9, the Court finds as follows.

1. Counsel for Defendant Dixie Motor Company consents to the sealing of documents docket-numbered Dkt. # 82-5 through 82-9.

2. Defendant Janet Pierce has herself also moved to seal documents docket-numbered Dkt. # 74 and 74-1 through 74-8; # 78; Dkt. #79 and 79-1 through 79-9; and Dkt. # 81-1 through 81-2.

3. Defendant Western Surety Co. has itself also moved to seal documents docket-numbered Dkt. # 71-2, Pages 24-74, 76, 78, 80, and 82.

4. Plaintiffs assert causes of action against Defendants for violations of the

Identity Theft Protection Act (N.C.G.S. 75-60, et seq.), violations of the Fair Credit Reporting Act (15 U.S.C. §§ 1681, et seq.), unfair and deceptive trade practices (N.C.G.S. 75-1.1, et seq.), negligence per se, breach of contract, and infliction of emotional distress. (Dkt. # 11, Amnd. Compl.)

5. The Plaintiffs' Complaint alleges that Defendants Dixie Motor Company and Janet Pierce failed to maintain the security of Plaintiffs' personal identifying information and failed to dispose properly of Plaintiffs' personal identifying information.

6. Plaintiffs further allege that such failures caused an incarcerated criminal to gain possession of said personal identifying information, which he then used to harass and put both Plaintiffs in fear for their personal safety and financial security

7. All parties have stipulated to a protective order to protect information marked as "confidential" from public disclosure. (Dkt. # 46, Protective Order, 1).

8. The protective order defines "confidential information" as any document containing the social security numbers, dates of birth, financial account numbers, medical information or personal financial information of a party. (Dkt. # 46, Protective Order, 2.)

9. All of the enumerated documents with the exception of Dkt. # 74 and Dkt. #79, deposition transcripts, were previously marked as "CONFIDENTIAL."

10. Portions of Dkt. # 74 and # 79 contain information of the types that the parties had agreed in the protective order to protect as such and they were

inadvertently not marked "CONFIDENTIAL."

11. After reviewing the memorandum and documents at issue, the court finds that all contain confidential information where the risk of harm to Plaintiffs from exposure of such information outweighs any public right to access, that the information in the documents is personal identifying, financial, credit reporting, and medical information that is not generally available to the public or bearing any importance to any public matters, and that the the alternatives to sealing are inadequate.

12. After publishing notice of the Motion to Seal of Plaintiffs, the Court has not received any requests for public access to the records sought to be filed under seal, nor any requests for access pursuant to alleged First Amendment rights.

13. The Court has considered alternatives to sealing the records outlined in Plaintiffs' Motion to Seal, but determines that the alternatives would not adequately protect Plaintiffs from the potential of unauthorized and fraudulent use of their personal identifying, financial, credit reporting, or medical information by third parties.

IT IS HEREBY ORDERED that the documents docket-numbered Dkt. # 71-2, Pages 24-74, 76, 78, 80, and 82; # 74 and 74-1 through 74-8; # 78; #79 and 79-1 through 79-9; # 81-1 through 81-2, and # 82-5 through 82-9 be filed and maintained under seal in accordance with Section T of the Court's Electronic Case Filing Administrative Policies and Procedure Manual.

This the 18th day of September, 2013.

By: _____

HON. LOUISE W. FLANAGAN
United States District Judge